1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

XIAOHUA HUANG,

                    Plaintiff,

        v.

TRIFECTA NETWORKS LLC,

                    Defendant.

Case No.  21-cv-04721-TSH

**ORDER GRANTING MOTION TO TRANSFER**

Re: Dkt. No. 7

## I.    INTRODUCTION

Plaintiff Xiaohua Huang brings this patent infringement suit against Defendant Trifecta Networks LLC, alleging infringement of U.S. Patent No. RE45259.  Trifecta moves to dismiss the case pursuant to 28 U.S.C. § 1400(b) for improper venue or, in the alternative, to transfer it to the United States District Court for the Middle District of Florida.  ECF No. 7.  Huang filed an Opposition (ECF No. 10) and Trifecta filed a Reply (ECF No. 12).  The Court finds this matter suitable for disposition without oral argument and **VACATES** the August 26, 2021 hearing.  *See* Civ. L.R. 7-1(b).  Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** Trifecta's motion to transfer for the following reasons.[1]

---

[1] Because an order transferring venue does not address the merits of the case, "it is a nondispositive matter that is within the province of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A)."  *Pavao v. Unifund CCR Partners*, 934 F. Supp. 2d 1238, 1241 (S.D. Cal. 2013) (collecting cases); *see also Rosiere v. United States*, 2016 WL 5394090, at *1 (N.D. Cal. Sept. 27, 2016) ("a motion to transfer is non-dispositive and thus this court can decide the issue.").

## II.   BACKGROUND

Huang resides in Los Gatos, California.  Compl. ¶ 2, ECF No. 1.  According to his complaint, he "has developed the state of the art high speed and low power U.S. patented TCAM designs to build IC chips used inside of Internet IP Routers [], Wireless routers, Ethernet Switches [] and Data Center Switches etc. since the year of 2000."  *Id.*  He is the owner of the 'RE259 patent.  *Id.* ¶ 5

Trifecta is an electronics reselling and recycling company incorporated in the State of Florida, headquartered in the State of Florida, and residing in the State of Florida.  Toepke Decl. ¶¶ 3-7, ECF No. 7-1.  Trifecta has its principal place of business at 4027 Tampa Road, Oldsmar, Florida 34677 and regularly conducts business there.  *Id.* ¶¶ 3-4.  It has no offices and no employees in California.  *Id.* ¶¶ 5-6.  Trifecta is registered with the Florida Department of State as a Florida Limited Liability Company and maintains active registration.  Stroy Decl., Ex. 1, ECF No. 7-3.  The registered office identified on the Florida Department of State website lists Trifecta's 4027 Tampa Road, Oldsmar, Florida 34677 location.  *Id.*; Toepke Decl. ¶¶ 3-4.

Huang originally sued Trifecta in the United States District Court for the Middle District of Florida on March 23, 2021, asserting infringement of the 'RE259 patent.  *See Xiaohua Huang v. Trifecta Networks LLC*, Case No. 8:21-cv-00698-CEH-JSS (M.D. Fla.).  In the Florida complaint, Huang alleged that "Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) in that Defendant [Trifecta] has its operation office to do business daily and regularly in this District."  *Id.*, ECF No. 1 ¶ 4.  Huang voluntarily dismissed his case against Trifecta in Florida a month later, on April 22, 2021, before Trifecta had an opportunity to respond.  *Id.*, ECF No. 9.

On June 21, 2021, Huang refiled his complaint in this District, revising his venue allegations to read: "Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) in that Defendant has done business on the products which are made in this District.  The potential witness and evidence are also in this District."  Compl. ¶ 4.  Huang does not allege that Trifecta is incorporated in the State of California or that it has a regular and established place of business here.

Trifecta filed the present motion on July 21, 2021.

2

### III.   LEGAL STANDARD

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  The patent venue statute provides that venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).  "Whether venue is proper under § 1400(b) is an issue unique to patent law and is governed by Federal Circuit law." *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1012 (Fed. Cir. 2018).  Section 1400(b) "is intended to be restrictive of venue in patent cases compared with the broad general venue provision." *Id.* at 1014.

"As applied to domestic corporations, 'reside[nce]' in [section] 1400(b) refers only to the State of incorporation." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1521 (2017).  When determining whether a defendant has a regular and established place of business in the district, three general requirements are relevant: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant.  If any statutory requirement is not satisfied, venue is improper under [section] 1400(b)." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

"[U]pon motion by the [d]efendant challenging venue in a patent case, the [p]laintiff bears the burden of establishing proper venue." *In re ZTE (USA) Inc.*, 890 F.3d at 1013.  "In ruling on a motion to dismiss for improper venue, the plaintiff's allegations in the complaint need not be accepted as true, and the court may consider evidence outside the pleadings." *Argueta v. Banco Mexicano*, S.A., 87 F.3d 320, 324 (9th Cir. 1996).  The "trial court must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004).

### IV.   DISCUSSION

Trifecta argues venue is improper in this District because it is neither incorporated in nor has a regular and established place of business in the State of California.  The Court agrees. Trifecta is located at 4027 Tampa Road, Oldsmar, Florida 34677 and maintains its principal place

United States District Court
Northern District of California

1   of business there.  Toepke Decl. ¶¶ 3-4.  This principal place of business is within the Middle

2   District of Florida.  Likewise, Trifecta's registered office on the Florida Department of State

3   website reflects the same location in the Middle District of Florida.  Stroy Decl., Ex. 1.  As such,

4   for purposes of 28 U.S.C. § 1400(b), it is indisputable that Trifecta both "resides" and "has a

5   regular and established place of business" in the Middle District of Florida.

6       It appears that Huang is aware of this fact, having alleged in the prior Florida action that

7   venue was proper in the Middle District of Florida because Trifecta "has its operation office to do

8   business daily and regularly[sic]".  However, he argues venue is proper here because

9   (1)   Most of the devices (products) accused in the complaint were
10        manufactured in this district (N.D. California).

    (2)   Most of the Witness are resided in this District.
11

12   (3)   All the data to prove the case are stored in this District[; and]

13   (4)   This Court has experience in the patent cases related to chips
          while the District in Florida has no experience in chips.

14   Opp'n at 1-2.  Huang also argues he "prefer[s] this District Court" because it "allow[s] Pro Se

15   Plaintiff to access ECF system for filing while the District Court in middle Florida does not allow

16   pro se Plaintiff to access ECF for filing."  Id. at 4.  While these arguments might be useful in a

17   motion for a convenience transfer under 28 U.S.C. § 1404, none establish proper venue under §

18   1400(b).  Indeed, courts have found that a corporate defendant "must have more contact with [a

19   venue] than simply doing business there."  FOX Factory, Inc. v. SRAM, LLC, 2018 WL 317839, at

20   *4 (N.D. Cal. Jan. 8, 2018); Westech Aerosol Corp. v. 3M Co., 2017 WL 3387363, at *3 (W.D.

21   Wash. Aug. 7, 2017); Boston Sci. Corp. v. Cook Grp. Inc., 2017 WL 3996110, at *14 (D. Del.

22   Sept. 11, 2017).  Trifecta has no offices and no employees in California, and it does not design or

23   make any of the products it sells.  Toepke Decl. ¶¶ 5-7.  Accordingly, the Court finds Huang has

24   failed to meet his burden of showing that venue is proper in this District.

25       Having concluded that venue is not proper here, the Court finds that it is in the interests of

26   justice to transfer the case, rather than dismiss it.  See 28 U.S.C. § 1406(a).  Under the statute, a

27   case may be transferred to "any district or division in which it could have been brought."  Id.

28   Trifecta requests the case be transferred to the Middle District of Florida, where Huang originally

United States District Court
Northern District of California

4

filed his complaint.  Given that Trifecta is located in and maintains its principal place of business there, the Court agrees.

Trifecta also requests attorney's fees "incurred in responding to Mr. Huang's latest frivolous filing," arguing "it is clear that [his] filing of this action in an improper venue is not simply a mistake that can be attributed to his *pro se* status or a misunderstanding of venue law." Mot. at 8.  However, the Court has made no finding as to the merits of Huang's allegations, and, based on the arguments made in his opposition, the Court cannot say there was no misunderstanding of venue law.  Further, it is undisputed that Huang voluntarily dismissed his case against Trifecta in Florida before Trifecta had an opportunity to respond to his complaint. Thus, it incurred no more expense than if Huang had originally filed here.  Accordingly, the Court declines to award attorney's fees.

## V.    CONCLUSION

For the reasons stated above, the Court **GRANTS** Trifecta's motion to transfer.  The Clerk of Court is directed to transfer this case to the Middle District of Florida.

**IT IS SO ORDERED.**

Dated: July 28, 2021

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

5